**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

EVANSTON INSURANCE COMPANY,

   *Plaintiff,*

     v.                              CIV. NO. 11-1701(PG)

DRUG ENFORCEMENT ADMINISTRATION, ET AL.,

   *Defendants.*

## OPINION AND ORDER

Plaintiff Evanston Insurance Company ("Evanston") brought this action of interpleader under Rule 22 of the Federal Rules of Civil Procedure and for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

Moreover, Plaintiff asserts that "jurisdiction over this action is appropriate pursuant to 28 U.S.C. § 1332 since there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests, costs and attorney's fees." (Docket No. 1).

In its Complaint (Docket No. 1) and subsequent Amended Complaint (Docket No. 49) Plaintiff claims, in essence, that it issued a Professional Liability Insurance Policy for Specified Medical Professions to Defendant Quality Health Services of Puerto Rico, Inc., DBA, Hospital San Cristobal and/or Southern Hospital Services, Inc., Policy No. SM-8676534. Plaintiff further argues that it has provided and continues to provide legal defense to Hospital San Cristobal for several actions that have been brought against Hospital San Cristobal and Evanston Insurance Company claiming damages for alleged acts, errors and omissions in the rendering of professional services. Plaintiff attached a list of those actions as Exhibit B to the Complaint (Docket No. 1).

The actions in question are listed as follows:

1. <u>Mayra Deya-Rivera, et al. v. Hospital San Cristobal, Inc., et al.</u>, Commonwealth of Puerto Rico, Court of First Instance, Ponce Superior Part, Civil No. JDP2009-0504 (604).

2. <u>Teresa Santiago de Jesus, et al. v. Hospital San Cristobal, et al.</u>,

Commonwealth of Puerto Rico, Court of First Instance, Ponce Superior Part, Civil No. JDP2010-0550.

3. <u>Nilda Chacon-Lopez, et al. v. Hospital San Cristobal, et al.</u>, Commonwealth of Puerto Rico, Court of First Instance, Salinas Superior Part, Civil No. G4CI2010-0354.[1]

At the status conference held on September 19, 2012, this court inquired *sua sponte* into the question of the federal court's jurisdiction. Upon examination of the record and after affording the parties an opportunity to be heard at the status conference, this Court dismisses the present action for lack of subject matter jurisdiction.

## <u>Discussion</u>

Subject matter jurisdiction is one of the few matters that federal courts can raise on their own, without the need for a motion brought by the parties. <u>New Eng. Power and Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.</u>), 292 F.3d 61, 66 n.1 (1st Cir. 2002) (<u>citing</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999))("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

When a case arrives in federal court, is the obligation of both district court and counsel to be alert to jurisdictional requirements. <u>Grupo Dataflux v. Atlas Global Group</u>, L.P., 541 U.S. 567 ,(<u>citing</u> <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986) ("every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it" (quoting <u>Mitchell v. Maurer</u>, 293 U.S. 237, 244, 79 L. Ed. 338, 55 S. Ct. 162 (1934))); <u>United Republic Ins. Co. in Receivership v. Chase Manhattan Bank</u>, 315 F.3d 168, 170-171 (2nd Cir. 2003) ("We have . . . urged counsel and district courts to treat subject

---

[1] During the status conference held on September 19, 2012, Plaintiff informed the Court that a fourth case, <u>Lucila Vera-Vargas, et al. v. Hospital San Cristobal, et al.</u>, Commonwealth of Puerto Rico, Court of First Instance, Ponce Superior Part, Civil No. JDP2010-0305, has been dismissed.

matter jurisdiction as a threshold issue for resolution . . . ."); United States v. Southern   California Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) (district courts have an "independent obligation to address [subject-matter jurisdiction] sua sponte" (internal quotation marks omitted)).

As previously mentioned, the instant case was brought pursuant to 28 U.S.C. §1332 which provides, in relevant part:

> (a)   The   district   courts   shall   have   original jurisdiction of all civil actions where the matter in controversy  exceeds  the  sum  or  value  of  $75,000, exclusive of interest and costs, and is between—
>
> (1)  citizens of different States;
>
> (c) For the purposes of this section and section 1441 of this title—
>
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or uninincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
> (A) every State and foreign state of which the insured is a citizen;
> (B) every State and foreign state by which the insurer has been incorporated;

In addition to §1332, the complaint rests federal jurisdiction upon the  provisions  of  §  1335.  Federal  jurisdiction  over  an  interpleader action  is  premised  on  diversity  of  citizenship,  although  complete diversity  is  not  required.  Sun Life Assurance Company of Canada v. Plaisted, et al., 2009 U.S. Dist. LEXIS 96214 *5 (D.N.H. October 15, 2009) (citing State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967)). The existence of diversity in an interpleader action is determined without regard to the plaintiff-stakeholder's citizenship. Rather, there is  sufficient  diversity  to support  federal  jurisdiction  if  claims  are  adverse  to  the  fund,  and adverse to each other and at least two of the claimants to the fund are citizens of different states. Id.

In this case, all of the named defendants are said to be citizens of Puerto Rico. See, Docket No. 1, ¶¶ 2-34. Moreover, Plaintiff is corporation organized under the laws of and with a principal place of business in Illinois that issued a Professional Liability Insurance Policy to a Puerto Rico corporation. The First Circuit has grappled with the question of whether the citizenship of the insured is attributed to the insurance carrier.

In Torres v. Hartford, Ins. Co., 588 F.2d 848, 850 (1st Cir. 1978), the Puerto Rico plaintiffs argued that there was diversity jurisdiction because the driver of the vehicle that caused their injuries was a citizen of North Carolina. The Court examined whether the citizenship of the named insured, a Delaware corporation with a principal place of business in Puerto Rico, or the Omnibus insured, a citizen and resident of North Carolina, was attributed to the insurance carrier. After analyzing the Puerto Rico direct action statute codified at 26 L.P.R.A. §2003, the Court ruled that diversity jurisdiction was defeated as the insurer is deemed to be a citizen of the same state as the Plaintiffs if the named insured or the tortfeasor Omnibus insured is a citizen of that state. See also, Alvarez-Pisanelli v. Hertz Puerto Rican Cars, Inc., 786 F.Supp.150 (D.P.R. 1992).

Following the Torres rationale, Plaintiff is deemed to be a citizen of Puerto Rico and thus, diversity of citizenship between Plaintiff and Defendants is absent. Consequently, the court lacks subject matter jurisdiction over the interpleader action and it must be dismissed.

As a matter of fact, even if the Court had subject matter jurisdiction in this action, principles of comity and judicial restraint dictate the denial of the request for interpleader relief. It is a known principle that an "interpleader is an equitable remedy. And many courts have conditioned the grant of interpleader relief upon basic equitable doctrines." See, Sun Life Assurance, 2009 U.S. Dist. LEXIS 96214 *8-9 (citing Home Indem. Co. v. Moore, 499 F.2d 1201, 1205 (8th Cir. 1974)).

Federal courts have declined to exercise jurisdiction over an interpleader action when a prior action in another court may afford adequate protection, as is the case here. Koehring Co. v. Hyde Constr. Co., 424 F.2d 1200 (7th Cir. 1970); see also 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1709 (3d ed. 2001). ("A

court may also dismiss or stay an interpleader proceeding if an action already pending before another court might obviate the need for employing the interpleader remedy or eliminate the threat of multiple vexation."); Metropolitan Life Ins. Co. v. Scott, 587 F.Supp.451 (W.D. Pa. 1984) ("When an action already is pending against the insurance carrier in one forum where interpleader is equally available, either as an independent action or by way of counterclaim, interpleader should not be tried in another forum, absent exceptional circumstances.")

The opinion in National Casualty Co. v. Insurance Co. of North America, 230 F.Supp.617 (N.D. Ohio 1964) sums up the reasoning that guides the equitable nature of the federal interpleader.

> To sustain the prayer of plaintiff * * * would be to drag essentially local litigation into the Federal (District) Courts; and, litigation over which this Federal District Court has no jurisdiction. To do so would defeat the jurisdiction of State Courts over such litigation, merely because one of the parties to such litigation happens to have indemnity insurance in a foreign insurance company. * * * If plaintiff here prevails in the defense of such State Court actions then it will not be subject to any liability to the other defendants herein by reason of its issuance of the policy of insurance in question. * * * Whether any one or more of the plaintiffs in the State Court actions will obtain a judgment against the defendant Hale in excess of the total limit of coverage contained in the policy in question, or any judgment at all, is problematical and left to speculation and conjecture. The question whether defendant will be confronted with claims made against it because of any such judgments, if obtained, can as well be determined after the conclusion of the suits pending in the State Courts as it can now.

National Casualty Co., 230 F.Supp. at 620-621 (citing American Indemnity Company v. Hale, 71 F.Supp.529 (W.D. Mo. 1947)).

Those principles apply in this case. All the underlying cases in which Evanston would be exposed are already being tried in state court. Furthermore, at the Status Conference, counsel for Defendants expressed a preference for resolving those claims in the pending state action. Accordingly, even if this court did have subject matter jurisdiction over this interpleader action, considerations of equity, comity and judicial

efficiency would tip the scale in favor of declining to exercise that jurisdiction.

As a final consideration, it is worth noting that Evanston is not without a remedy. It may file an interpleader in state court, pursuant to Puerto Rico's interpleader statute.

### Conclusion

Based on the foregoing, the present action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**

In San Juan, Puerto Rico, October 16, 2012.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**